<hr />

(108 App. Div. 181.)

### In re BANKS'. WILL.

(Supreme Court, Appellate Division, Fourth Department. October 20, 1905.)

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—EXCUSABLE MISTAKE.

 Where, on appeal from a surrogate's decree refusing probate of a will, counsel for both parties argued the appeal as though the question of testamentary capacity was a live issue in the case, and there was nothing in the record showing a stipulation on the part of contestant that no question would be made as to the competency of deceased at the time the will offered for probate purported to have been executed, and the proof on an application for a new trial left the making of such stipulation in doubt, proponent was not entitled to a new trial for newly discovered evidence as to testamentary capacity, which he claimed he was induced to refrain from introducing by such stipulation.

Appeal from Surrogate's Court, Yates County.

Application by C. Clint Post for the probate of the will of Leonora Post Banks, deceased. From an order denying proponent's motion for a new trial on the ground of newly discovered evidence after an order denying probate, proponent appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and HISCOCK, JJ.

James O. Sebring, for appellant.

M. A. Leary, special guardian, for respondent Grace L. Banks.

PER CURIAM.   In order to entitle the appellant to a new trial herein upon the ground of newly discovered evidence, he must show that the existence of the alleged new evidence was unknown to him at the time of the trial, and that it could not have been discovered by him in the exercise of proper diligence, or that he was misled and induced to refrain from making certain proof because of excusable mistake or by some act or admission of the respondent upon which he had a right to rely.   Practically the only contention made by the appellant upon this appeal is that he is entitled to a new trial upon the ground last suggested; it being urged that upon the trial it was stated by one of the counsel for the several contestants (the appellant being proponent of said will), in the presence of them all, that no question would be made as to the competency of the deceased to make and execute a will at the time the will in question purports to have been executed, and that therefore, and relying upon such concession, the appellant only made prima facie proof of the competency of the deceased, and did not call witnesses which might have been called to further fortify and establish their contention in that regard.   This claim having been supported by the affidavit of the appellant and other affiants upon the motion for a new trial, and it not having been answered by the respondent, this court, upon its own motion, ordered a reference to ascertain the facts in that regard.   The evidence taken pursuant to such order is now before the court, and therefrom it appears that the present appellant and other witnesses called by him testified positively that such concession was made during the course of the trial, in open court, by the special guardian and attorney for the respondent, who was one of the contestants in the probate proceeding.

In opposition to the claim now raised, the surrogate before whom the matter was tried, the special guardian for the infant, counsel for said guardian, and the two attorneys who then appeared for the appellant, testified positively that no such concession or stipulation was made, either in words or in substance.   The official stenographer, who, it appears, has had 14 years' experience in such position, testifies that nothing of the kind appears in the minutes of the trial taken by her, and that, while she has no recollection in respect to the matter independent of her minutes, if such stipulation or concession had been made in open court, it would have appeared in the minutes.   The counsel for the legatees, Robson, states in a letter submitted to the referee, which we have considered, that it is his general recollection "that during the hearing it was stated in their [counsel and guardian ad litem] behalf that it was not their intention to introduce further evidence as to the competency of the decedent, Leonora Post Banks, at the time of making the will which was presented for probate in said matter; that after consultation by counsel for proponent it was by them determined not to introduce further testimony upon that point in reliance upon said

statement." Such statement only indicates that the counsel seeking to establish the will as the last will and testament of the deceased were content to rest the branch of their case touching the question of testamentary capacity upon the proof already introduced by them, believing it ample to meet that of the contestants upon such issue.

The most that can be said, when the affidavits and the testimony taken before the referee are considered, is that the question as to whether the concession referred to was made or not is in doubt. But it seems to us that that issue must be determined adversely to the appellant, because of the record filed in this court upon the appeal from the decree of the Surrogate's Court denying probate to the will in question; that record having been incorporated into the appeal book herein by stipulation and agreement of counsel. The appeal from the decree refusing probate was argued by Messrs. Huson & Carmody, attorneys for the proponent, C. Clint Post, the appellant here, and counsel for the legatees, Robson, joined in the brief presented by them upon such argument. Said brief was devoted largely to a discussion of the issues raised upon the question of competency of the decedent to make the will in question, arguing that she was competent and that the finding by the surrogate that she was incompetent was not supported by, but was against the weight of, the evidence. It was nowhere suggested that any concession or stipulation, such as is now claimed by the appellant to have been made, was made. Such a concession did not appear in the record before this court, and it was not suggested that it ought so to have appeared. The counsel for the contestants also devoted many pages of his brief to the discussion of that question, insisting that the evidence justified the finding of the surrogate in that regard. Counsel who made such argument are reputable members of the profession, and we cannot believe the argument made by them would have taken the course it did upon the question adverted to if the contestants had in effect stipulated upon the trial that such question might be eliminated from consideration. If such stipulation had been made, then it follows that there must have been collusion between counsel, and that they were guilty of imposing upon this court. In other words, counsel for the then appellants argued most strenuously, and devoted many pages of brief in an endeavor to demonstrate, that the deceased, at the time the will in question purports to have been executed, was competent to make the same, when, if the stipulation or concession which is now asserted was made upon the trial, it would only have been necessary to have called the attention of the court to that fact. The counsel for the respondent argued the case upon the theory that that was a live and vital issue in the case upon the appeal, and devoted a large part of his brief to its discussion. Under these circumstances we must hold that the stipulation or concession alleged to have been made by the contestants was not made, and, that being practically the only ground upon which it is claimed a new trial should be granted, it follows that the order denying the motion for a new trial should be affirmed.

Order affirmed, with costs, including the fees of the referee appointed by this court to take proof herein, which are hereby fixed and

allowed at the sum of $30, together with the necessary disbursements of said referee; the fees and disbursements of the referee to be paid in the first instance from the estate of said deceased, and taxed as a part of the disbursements against the appellant.

WILLIAMS, J., concurs in result only.